**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0070-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DARRYL JOINTER, JR.,

     Defendant-Appellant.

_____

Submitted October 1, 2018 – Decided October 16, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-05-0760.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Luisa M. Florez, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Darryl Jointer, Jr. appeals his convictions for obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1, and resisting arrest. N.J.S.A. 2C:29-2(a). For the reasons that follow, we affirm the convictions.

We derive the following facts from the record on appeal. On January 5, 2016, two Jersey City Police officers observed three men in the courtyard of the Arlington Garden apartment complex and saw one of the men reach into the waistband of his pants. The officers approached the men and asked them to show their hands, at which point the men began to flee. The officers observed defendant throw a gun to the ground as he fled. The officers chased defendant and arrested him.

On January 5, 2016, a grand jury returned a seven-count indictment, including charges for unlawful possession of a weapon, obstruction, and resisting arrest. On February 8, 2017, a jury returned a verdict convicting defendant of obstructing administration of law or other governmental function and resisting arrest, but acquitting defendant of unlawful possession of a weapon.

On appeal, defendant challenges his obstruction and resisting arrest convictions and contends the trial court improperly charged the jury as to each offense. Defendant further argues that there was insufficient evidence to support either conviction. Having considered the record in light of the applicable legal

principles, we conclude that the issues raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

Defendant first asserts that the trial court improperly "broadened" the jury instruction on obstruction. Defendant notes that the indictment only charged defendant with obstruction by fleeing, but the trial court's charge included not only language on obstruction by fleeing, but also language on obstruction by "intimidation, force, violence, or physical interference or obstacle." We find no error in the trial court's charge on obstruction, as the trial court tracked the language of the Model Jury Charge. See Model Jury Charges (Criminal) "Obstructing Administration of Law or Other Governmental Function (N.J.S.A. 2C:29-1)" (approved Oct. 23, 2000); Estate of Kotsovska, ex rel. Kotsovska v. Liebman, 221 N.J. 568, 596 (2015) (noting there is ordinarily a "presumption of propriety that attaches to a trial court's reliance on the model jury charge"). The trial court further instructed the jury that "[s]pecifically, the State alleges that the defendant committed the act of fleeing after officers required that he show his hands." Defendant's argument that the trial court was required to narrow the charge to omit acts other than fleeing is without merit, as the trial court appropriately supplemented the model charge by instructing the jury that the State alleged defendant committed obstruction

A-0070-17T4

by fleeing.  See State v. R.B., 183 N.J. 308, 325 (2005) ("[I]nsofar as consistent with and modified to meet the facts adduced at trial, model jury charges should be followed and read in their entirety to the jury.").

Defendant also contends there was insufficient evidence to sustain his obstruction conviction.  He argues that because the jury acquitted defendant of the charge of unlawful possession of a weapon, it rejected the evidence that defendant had reached into his waistband and possessed a gun.  Defendant contends this evidence was necessary to convict defendant of the obstruction charge.

We reject defendant's argument.  Inconsistent verdicts are permitted in New Jersey.  See State v. Banko, 182 N.J. 44, 54-55 (2004).  "[S]o long as the evidence [is] sufficient to establish guilt on the substantive offense beyond a reasonable doubt[,]" an inconsistent verdict will not invalidate a conviction.  Id. at 55 (quoting State v. Petties, 139 N.J. 310, 319 (1995)).  In this case, the testimony of the two responding officers supported that defendant reached into his waistband, fled from police once officers ordered defendant to show his hands, and discarded a firearm as he fled.  The evidence before the jury was sufficient to establish beyond a reasonable doubt that defendant was guilty of obstruction, regardless of the fact the jury acquitted defendant on the possession charge.

A-0070-17T4

Defendant next asserts that the trial judge's response to two jury questions about what constitutes effecting an arrest was improper. In fact, the trial judge's statement that "the defendant must know he is being arrested, but if the arrest is legal the police do not need to announce it" was agreed upon by the parties and is explicitly set forth in comment 2 to N.J.S.A. 2C:29-2. See Cannel, N.J. Criminal Code Annotated, cmt. 2 on N.J.S.A. 2C:29-2 (2018). The trial court's response to the jury's questions is also supported by case law. See State v. Ambroselli, 356 N.J. Super. 377, 384-385 (App. Div. 2003) ("[T]he State must prove beyond a reasonable doubt that it was the defendant's conscious object to prevent his arrest."); State v. Branch, 301 N.J. Super. 307, 321 (App. Div. 1997), rev'd in part on other grounds 155 N.J. 317 (1998) (upholding resisting arrest conviction where the facts showed that defendant knew he was being arrested and nevertheless resisted). We therefore find that the trial judge properly instructed the jury on the resisting arrest charge. We further conclude that the testimony of the responding officers was sufficient evidence for the jury to conclude beyond a reasonable doubt that defendant's conscious objective was to prevent his arrest by continuing to flee from police once he discarded the firearm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0070-17T4